UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JOHN SCOMA,                                                          **COMPLAINT**

                                         Plaintiff,
                                                                    Index No.:

             -against-
                                                                    Jury Trial Demanded

CITY OF NEW YORK, AZEEM CHATHA, Individually,
and JOHN and JANE DOE 1 through 10, Individually, (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                                         Defendants.

--------------------------------------------------------------------------------X

        Plaintiff JOHN SCOMA, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of

the defendants, respectfully alleges as follows:

## Preliminary Statement

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

## JURISDICTION

        2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

        4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6.      Plaintiff JOHN SCOMA is a forty-eight-year old resident of Brooklyn, New York, in the State of New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, AZEEM CHATHA and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.    On September 19, 2015 at approximately 8:00 p.m., defendant NYPD officer AZEEM CHATHA, along with other John Doe officers, unlawfully entered plaintiff's home located at 1059 80th Street, Brooklyn, New York, and needlessly deployed a Taser conducted energy device and arrested him without probable cause.

13.    At the aforementioned date and time, plaintiff was in his upstairs bedroom with his wife when defendant NYPD officers entered his home without a warrant, and without permission or authority.

14.    After the officers were already inside the home, plaintiff heard them yell "Police Department, come down with your hands up."

15.    Plaintiff and his wife both walked down the stairs with their hands in the air.

16.    While plaintiff was seated on his stairs in full view of the defendant officers, dressed only in shorts, and not acting in a threatening or otherwise violent manner, defendant officers proceeded to Taser plaintiff two times, and they threw plaintiff to the ground, handcuffed him, and after he was handcuffed, he was needlessly struck about his body.

17.    Plaintiff was then taken out of the house and transported to Lutheran Medical Center in police custody.

18.    At Lutheran Medical Center, plaintiff was diagnosed with injuries including, but not limited to, a fracture involving the coronoid process proximal ulna and a suspected fracture of the proximal radial head.  Plaintiff also had a Taser probe lodged in his left arm, which required removal and sutures.

19.    After receiving treatment, plaintiff was transported to the 68th Police Precinct and imprisoned therein.

20.     The defendant officers continued to imprison plaintiff until September 20, 2015, when plaintiff was arraigned in Kings County Criminal Court on baseless charges filed under docket number 2015KN061697; said charges having been filed based on the false allegations of defendant AZEEM CHATHA.

21.     The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid being disciplined for the above described abuses of authority.

22.     Defendant police officers created and manufactured false evidence which defendant AZEEM CHATHA conveyed to the Kings County District Attorney's office which used same against plaintiff in the aforementioned legal proceeding.  Specifically, defendant AZEEM CHATHA swore to false claims that plaintiff had assaulted his wife and resisted arrest. Defendant AZEEM CHATHA knew these claims to be false insofar as plaintiff's wife told the officers that plaintiff had not assaulted her, and insofar as plaintiff was seated on his stairs and not resisting in any way when he was Tasered and arrested.

23.     As a result of the defendants' fabricated claims, bail was set at plaintiff's arraignment, causing him to be further detained on Rikers Island until bail was posted on his behalf and he was released in the morning on September 21, 2015.

24.     As a result of the defendants' misconduct, plaintiff was compelled to return to court on five occasions until March 21, 2016, on which date all false charges lodged against him were dismissed and sealed in Kings County Criminal Court.

25.     Defendants AZEEM CHATHA and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful

4

opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

26.     Defendant NYPD officers AZEEM CHATHA and JOHN DOE 1 through 10 owed a duty to plaintiff to ensure his safety in their custody.

27.     Defendant NYPD officers AZEEM CHATHA and JOHN DOE 1 through 10 breached their duty to plaintiff, resulting in plaintiff sustaining the above described physical injuries while in their custody.

28.     Plaintiff's injuries required follow-up treatment after his release from custody and which confirmed that he had sustained a fracture of the coronoid process proximal ulna and a fracture of the proximal radial head of this left arm.

29.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals, employing excessive force, falsification, lax investigations of police misconduct, and of covering up abuse by fellow officers.

30.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification, and falsely arrest individuals to cover up police abuse.

31.     For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Senior Judge Jack B. Weinstein pronounced:

Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

32.     Further, with respect to the custom and practice of using excessive force, and lack of training in that regard, the New York City Department of Investigation Office of the Inspector General for the NYPD issued a report on October 1, 2015, available on the City of New York's website at http://www.nyc.gov/html/oignypd/assets/downloads/pdf/oig_nypd_use_of_force_ report_-_oct_1_2015.pdf.  Said report acknowledged that between the years of 2010 and 2014 the Civilian Complaint Review Board substantiated 179 force cases.  The report further affirmed the lack of proper training, policies, practices, and discipline of NYPD officers with respect to use of force, finding that the "NYPD's current use-of-force policy is vague and imprecise, providing little guidance to individual officers on what actions constitute force."  The report further found that the NYPD frequently failed to impose discipline when provided with evidence of excessive force.

33.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

34.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and

supervise them.

35.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

36.     All of the aforementioned acts deprived plaintiff JOHN SCOMA of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

37.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

38.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39.     As a result of the foregoing, plaintiff JOHN SCOMA sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(Unlawful Entry 42 U.S.C. § 1983 against Defendant Officers)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants entered 1059 80th Street, Brooklyn, New York without a warrant, and absent probable cause, exigent circumstances, or any lawful justification.

42.     As a result plaintiff's right to be free from an unlawful entry via the Fourth Amendment was violated.

43.     As a result of the foregoing, plaintiff JOHN SCOMA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against Defendant Officers)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendant officers arrested plaintiff JOHN SCOMA without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

46.     Defendant officers caused plaintiff JOHN SCOMA to be falsely arrested and unlawfully imprisoned.

47.     As a result of the foregoing, plaintiff JOHN SCOMA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983 against Defendant Officers)

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     The level of force employed by defendant officers was excessive, objectively

unreasonable and otherwise in violation of plaintiff JOHN SCOMA'S constitutional rights.

50.     As a result of the aforementioned conduct of the defendant officers, plaintiff JOHN SCOMA was subjected to excessive force and sustained serious physical injuries and emotional distress.

51.     As a result of the foregoing, plaintiff JOHN SCOMA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983 against Defendant Officers)

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendant AZEEM CHATHA issued criminal process against plaintiff JOHN SCOMA by causing his arrest and prosecution in criminal court.

54.     Defendant AZEEM CHATHA caused plaintiff JOHN SCOMA to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for his and his fellow officer's acts of brutality, and thereby violated plaintiff's right to be free from malicious abuse of process.

55.     As a result of the foregoing, plaintiff JOHN SCOMA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983 against Defendant Officers)

56.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff JOHN SCOMA.

58.    Defendants caused plaintiff JOHN SCOMA to be prosecuted without any probable cause until the charges were dismissed on or about March 21, 2016.

59.    As a result of the foregoing, plaintiff JOHN SCOMA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 against Defendant Officers)

60.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.    Defendant officers created false evidence against plaintiff JOHN SCOMA.

62.    Defendant AZEEM CHATHA utilized this false evidence against plaintiff JOHN SCOMA in legal proceedings.

63.    As a result of defendants' creation and use of false evidence, which defendant AZEEM CHATHA conveyed to the Kings County District Attorney's Office, plaintiff JOHN SCOMA suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

64.    As a result of the foregoing, plaintiff JOHN SCOMA is entitled to compensatory

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against the Defendants Officers)

65.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Defendants had an affirmative duty to intervene on behalf of plaintiff JOHN SCOMA, whose constitutional rights were being violated in their presence by other officers.

67.     The defendants failed to intervene to prevent the unlawful conduct described herein.

68.     As a result of the foregoing, plaintiff JOHN SCOMA was arrested, subjected to excessive force, he was denied his right to a fair trial, and he was put in fear of his safety.

69.     As a result of the foregoing, plaintiff JOHN SCOMA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against Defendant Officers)

70.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

72.     As a result of the foregoing, plaintiff JOHN SCOMA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

73.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

75.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals and then covering up said acts by arresting individuals and manufacturing evidence and otherwise engaging in falsification, thereby depriving individuals of their right to a fair trial.   In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JOHN SCOMA'S rights as described herein.   As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

76.     The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOHN SCOMA.

77.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JOHN SCOMA as alleged herein.

78.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JOHN SCOMA as alleged herein.

79.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JOHN SCOMA was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

80.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JOHN SCOMA'S constitutional rights.

81.    All of the foregoing acts by defendants deprived plaintiff JOHN SCOMA of federally protected rights, including, but not limited to, the right:

      A.    To be free from false arrest/unlawful imprisonment;

      B.    To be free from excessive force;

      C.    To be free from malicious prosecution;

      D.    To receive a fair trial; and

      E.    To be free from the failure to intervene.

82.    As a result of the foregoing, plaintiff JOHN SCOMA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against

the individual defendants in an amount to be fixed by a jury.

**Supplemental State Law Claims**

83.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

85.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

86.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

87.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

88.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A TENTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York against Defendant Officers and Defendant City of New York)

89.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.     Defendants arrested plaintiff JOHN SCOMA without probable cause.

91.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

14

92.     As a result of the aforementioned conduct, plaintiff JOHN SCOMA was unlawfully imprisoned in violation of the laws of the State of New York.

93.     As a result of the aforementioned conduct, plaintiff JOHN SCOMA suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

94.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

95.     As a result of the foregoing, plaintiff JOHN SCOMA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York against Defendant Officers and Defendant City of New York)

96.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     As a result of the foregoing, plaintiff JOHN SCOMA was placed in apprehension of imminent harmful and offensive bodily contact.

98.     As a result of defendant's conduct, plaintiff JOHN SCOMA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

99.     The individually named defendants assaulted plaintiff.   Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

15

100.   As a result of the foregoing, plaintiff JOHN SCOMA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Battery under the laws of the State of New York against Defendants Officers and Defendant City of New York)

101.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.   Defendants made offensive contact with plaintiff JOHN SCOMA without privilege or consent.

103.   As a result of defendants' conduct, plaintiff JOHN SCOMA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

104.   The individually named defendants battered plaintiffs.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

105.   As a result of the foregoing, plaintiff JOHN SCOMA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

16

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
<u>(Malicious Abuse of Process under laws of the State of New York against Defendant Officers
and Defendant City of New York)</u>

106.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.     Defendant AZEEM CHATHA issued criminal process against plaintiff JOHN SCOMA by causing him to be arrested and causing his appearance in Kings County Criminal Court.

108.     Defendant AZEEM CHATHA compelled plaintiff's appearance to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for him and his fellow officers for their abuse of authority.

109.     Defendant City, as employer of AZEEM CHATHA, is responsible for his wrongdoing under the doctrine of *respondeat superior.*

110.     As a result of the foregoing, plaintiff JOHN SCOMA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
<u>(Malicious Prosecution under the laws of the State of New York against Defendant Officers and
Defendant City of New York)</u>

111.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.     The defendant officers initiated, commenced and continued a malicious

17

prosecution against plaintiff JOHN SCOMA.

113.   Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

114.   Defendants caused plaintiff JOHN SCOMA to be prosecuted without probable cause until the charges were dismissed on or about March 21, 2016.

115.   As a result of the foregoing, plaintiff JOHN SCOMA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

116.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.   Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who arrested, assaulted and battered, and manufactured evidence against plaintiff JOHN SCOMA.

118.   Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

119.   As a result of the foregoing, plaintiff JOHN SCOMA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

120.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who arrested, assaulted and battered, maliciously issued criminal process to plaintiff, and who deprived plaintiff of his right to a fair trial.

122.    As a result of the foregoing, plaintiff JOHN SCOMA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

123.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as if fully set forth herein.

124.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employee defendants, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

125.    Defendant City, as employer of the defendant officers is responsible for their

negligent acts under the doctrine of *respondeat superior*

126. As a result of the foregoing, plaintiff JOHN SCOMA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12 against Defendant City of New York)

127. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "126" with the same force and effect as if fully set forth herein.

128. As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

129. As a result of the foregoing, plaintiff JOHN SCOMA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JOHN SCOMA demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined

         by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
       December 2, 2016

                              BRETT H. KLEIN, ESQ., PLLC
                              Attorneys for Plaintiff JOHN SCOMA
                              305 Broadway, Suite 600
                              New York, New York 10007
                              (212) 335-0132

                              By:     s/ Brett Klein
                                     BRETT H. KLEIN (BK4744)

21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JOHN SCOMA,

                                        Plaintiff,


        -against-

CITY OF NEW YORK, AZEEM CHATHA, Individually,
and JOHN and JANE DOE 1 through 10, Individually, (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                                        Defendants.

--------------------------------------------------------------------------------X




**COMPLAINT**




**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132